FILED 10 NOV 04 13:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

RICHARD ORVILLE BURKE,

    Defendant.

No. CR 09-60007-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Defendant is charged with excavation of an archaeological site in violation of 16 U.S.C. § 470ee. Defendant moves to suppress evidence seized pursuant to the execution of a search warrant at his residence, arguing that the warrant did not state the items to be seized with particularity or authorize the seizure of firearms. Defendant further argues that the good faith exception to the exclusionary rule does not apply. On September 2, 2010, the court heard testimony and argument from both parties. The motion is denied.

1  - OPINION AND ORDER

DISCUSSION

On January 21, 2005, United States Magistrate Judge Coffin signed a search warrant authorizing the government to search defendant's residence and vehicles for "certain evidence of a crime (See attachment B)." Def.'s Ex. 1. Attachment B specifies the evidence to be seized, including Native American artifacts, human remains, burial items, archeological materials, financial records related to artifacts trafficking, and firearms. Def.'s Ex. 1-B. On January 27, 2005, law enforcement officers executed the search warrant at defendant's home and seized alleged archaeological resources, ammunition, and three firearms.

Defendant maintains that the warrant did not identify the items to be seized with particularity because Attachment B was not incorporated by reference into the search warrant through "suitable words of incorporation" and instead merely stated "see Attachment B." Def.'s Mem., p. 13; see also Groh v. Ramirez, 540 U.S. 551, 557-58 (2004) (courts may construe a warrant with referenced document if the warrant "uses appropriate words of incorporation" and the supporting document accompanies the warrant); United States v. McGrew, 122 F.3d 847, 849 (9th Cir. 1997) (accord). Defendant emphasizes that the Application for Search Warrant provides that the Affidavit in Support is "incorporated by reference as if fully reset forth herein," and therefore the government could have used the same language in the Search Warrant. Regardless, "See

2    - OPINION AND ORDER

Attachment B" is a plain and straightforward manner to incorporate the attachment by reference; it is easily understood that the items identified in Attachment B, including firearms, is the evidence authorized by the warrant to be seized. United States v. Towne, 997 F.2d 537, 548-49 (9th Cir. 1993) (finding "no question that Attachment B was incorporated by reference in the search warrant" through the words "See Attachment B"); see also Baranski v. Fifteen Unknown Agents, 452 F.3d 433, 436, 449 (6th Cir. 2006) (finding the phrase "See Attached Affidavit" to "specifically incorporate[] the affidavit"). Even if "See Attachment B" could be construed as inadequate words of incorporation, I find that a reasonable officer could rely on such language in good faith given its plain meaning.

Defendant also argues that the warrant lacked particularity because Attachment B did not accompany the warrant and the executing officer did not provide a copy of Attachment B or otherwise inform defendant of its contents. However, Bureau of Land Management Special Agent Michael Windom testified that he read the warrant and attachments to defendant's brother and later to defendant, as is reflected in his written summary, and that he left the warrant and its attachments at defendant's residence per standard protocol. See Gov't Ex. 1, pp. 2-3. I find Officer Windom's testimony credible. Therefore, I find no basis to suppress the evidence seized. Groh, 540 U.S. at 557-58, 563; McGrew, 122 F.3d at 849-50.

3   - OPINION AND ORDER

## CONCLUSION

Defendant's Motion to Suppress Evidence (doc. 14) is DENIED.

IT IS SO ORDERED.

Dated this **3RD** day of November, 2010.

_____
Ann Aiken
United States District Judge

4    - OPINION AND ORDER